UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS PETILLO, JR., | No. 2:25-cv-1871-SCR |
| Plaintiff, | |
| v. | ORDER |
| WARDEN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner representing himself in this civil rights action filed pursuant to 42 U.S.C. § 1983. He has requested leave to proceed without paying the full filing fee for this action pursuant to 28 U.S.C. § 1915. Plaintiff's complaint is before the court for screening.

I.    **Motion to Proceed In Forma Pauperis**

A review of court records reveals that plaintiff has been determined to be a three strikes litigant. See Petillo v. Donovan Prison, 3:23-cv-2038 RSH AHG (S.D. Cal.). Based on this finding, plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). However, the court is unable to determine whether plaintiff meets the imminent danger exception because the complaint is indecipherable due to plaintiff's penmanship. As a result, the court will defer ruling on plaintiff's motion to proceed in forma pauperis until such time as an amended complaint is filed that clearly identifies any assertion of imminent danger that plaintiff faced at the time that he initiated this

action. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007); Bradford v. Usher, Case No. 1:17-cv-01128-DAD-SAB, 2019 WL 4316899, *4 (E.D. Cal. Sept. 12, 2019) (finding that "imminent danger for purposes of § 1915(g) is to be measured at the time of the commencement of the action.").

## II. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

////

////

### III. Complaint

As previously indicated, the court simply cannot read plaintiff's complaint nor decipher any of the claims within it. Much of the complaint appears to be citations to legal authority rather than a short and plain statement of plaintiff's claims for relief. However, another problem is plaintiff's handwriting. Certain portions of the complaint are in exactly small handwriting in which many letters are virtually indistinguishable. Other portions of the complaint are in relatively large handwriting but where (again) many letters are virtually indistinguishable and where there are effectively no spaces between words, such that all words appear to run together.

### IV. Analysis

The federal rules contemplate brevity. Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Fed. R. Civ. P. 8(a)(2). Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "'firm application of the Federal Rules of Civil Procedure' is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. McHenry, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

Based on the violation of Rule 8(a)(2), and plaintiff's handwriting, the court cannot discern whether the allegations in the complaint allege the violation of a constitutional right by any named defendant. As a result, the court dismisses the complaint with leave to file an amended complaint within 30 days from the date of this order. The amended complaint shall be no longer than 25 pages in length including exhibits and shall include a short and plain statement of any claim for relief as required by Rule 8(a)(2). The amended complaint must also be legible,

with written text that is not too small and with spaces between words. Plaintiff's failure to comply with the provisions of this order will result in a recommendation that this action be dismissed.

### V. Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). The complaint must also allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court will not refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted). Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In filing an amended complaint, plaintiff shall not improperly join unrelated claims or defendants into a single action. A plaintiff may properly assert multiple claims against a single defendant in a civil action. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). However, unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th

Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." Id.

### VI.   Plain Language Summary for Party Proceeding Without a Lawyer

Since plaintiff is representing himself in this case, the court wants to make sure that the words of this order are understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

The court is dismissing your complaint with leave to amend because it cannot read your handwritten complaint, which also appears to consist of many legal, as opposed to factual, assertions. You have 30 days to file an amended complaint limited to no more than 25 pages and includes any allegations of imminent danger that you faced when you filed this action.

If you do not comply with the provisions of this order, the undersigned will recommend that your case be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to file an amended complaint within 30 days from the date of this order for violating Rule 8(a). **Any amended complaint shall be no longer than 25 pages in length including exhibits.**

2. Plaintiff's failure to comply with the provisions of this order will result in a recommendation that this action be dismissed.

3. The court defers ruling on plaintiff's motion to proceed in forma pauperis (ECF No. 4) until such time as plaintiff may file an amended complaint that specifically identifies any allegation of imminent danger that he faced at the time that he initiated this action.

DATED: October 22, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE